UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGENE KENNETH JONES-El, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV28 CDP |
| ) | |
| SCOTT ROPER, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Eugene Kenneth Jones is a state prisoner proceeding *pro se* in this civil action pursuant to 42 U.S.C. § 1983. Jones brought this case against several prison employees, alleging violations of his constitutional rights. I dismissed the claims against all defendants except Scott Roper. Roper is a former employee of the Missouri Department of Corrections and was served by a United States Marshal on April 27, 2006. Roper did not file any answer, and a clerk's entry of default was entered on October 5, 2006. On December 6, I held a hearing on Jones's motion for default judgment, and entered default judgment against Roper in the amount of $5200. Roper now moves to set aside the default judgment. Because I find that Roper has presented evidence of excusable neglect and of a meritorious defense, and because Jones has not been prejudiced by Roper's delay, I will grant Roper's motion to set aside the default judgment.

Discussion

Under Federal Rule of Civil Procedure 60(b)(1), the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." In determining whether to set aside a default judgment for "excusable neglect," I must take into account "all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993). I am required to balance a number of factors, including the danger of prejudice to Jones, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether Roper acted in good faith. Id. Typically, courts "have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." Johnson v. Dayton Electric Man. Co., 140 F.3d 781, 784 (8th Cir. 1998).

Roper asserts that his failure to respond to Jones's complaint was not in bad faith. Roper's affidavit states that he mistakenly believed that he was being defended by the Missouri Attorney General's Office as a result of two conversations he had with a senior Corrections official. Roper asserts that had he known that he needed to request that the Attorney General's Office represent him,

he would have done so immediately after being served. He further states that he did not know that he was not being represented by the Attorney General's Office until he received a copy of the judgment against him.

Jones incorrectly argues that the Court notified Roper of his failure to respond several times before and after the entry of default judgment. Roper was not served with any of Jones's motions or this Court's orders other than the initial complaint until default judgment was entered against him. Roper's contact information was filed under seal by the Attorney General's Office. The United States Marshal initiated service upon Roper, but an examination of the record reveals that no documents were sent to Roper other than the default judgment. While the Attorney General's Office received notice of Roper's default, this does not constitute notice to Roper because he was not represented by the Attorney General's office at that time. See Bury v. Bradish, 2006 WL 2792864, at *1 (E.D. Cal. Sept. 28, 2006). Although it seems to me that the Attorney General's office may have had some moral obligation to notify Mr. Roper of these proceedings rather than standing silently while default judgment was entered against him, it had no legal duty to act because Roper had not officially requested representation.

Roper's failure to respond, as a result of his asserted mistaken belief that the Missouri Attorney General's Office would automatically represent him, appears to

have been in good faith.  Such a mistake can constitute a valid reason to set aside default.  See Brown v. DeFilippis, 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988) (setting aside default judgment where the defendant asserted that he had requested representation by the New York Attorney General's Office but the it never received his request); see also Bury v. Bradish, No. 1:05CV600, slip op. at 3 (E.D. Cal. November 16, 2006) (setting aside a clerk's entry of default where the defendant mistakenly believed that the California Department of Corrections and Rehabilitation would automatically arrange for her defense after she returned the waiver of service form).

Jones cites a couple of cases in opposition to Roper's motion.  Jones is correct in his argument that excusable neglect will not be found for a *pro se* litigant merely because he does not have an attorney, but that is not Roper's claim here; Roper instead argues that his failure to reply was excusable neglect because he believed that he was being represented by an attorney.  Additionally, the cases where the defendant's attorney's negligence has caused the default are not on point.  See Noah v. Bond Cold Storage, 408 F.3d 1043 (8th Cir. 2005); see also Murray v. Solidarity of Labor Org. Intern. Ben., 172 F. Supp. 2d 1155 (N.D. Iowa 2001).  While defendants are responsible for their attorney's behavior and choose their counsel at their peril, Roper was not represented by the Attorney General's

Office until after default judgment was granted. Therefore, the holdings of those cases has no relevance to my determination here.

Although more than seven months passed after Roper was served before default judgment was entered, Roper responded within two weeks of notification of default judgment. Roper's delay is explained by his asserted belief that he was being represented by the Attorney General's Office. Additionally, no evidence has been presented that Roper's delay has prejudiced Jones. The necessary prejudice must be more than mere delay, but must create a delay which results in "loss of evidence, increased difficulties of discovery, or provides for a greater opportunity for fraud and collusion." Johnson, 140 F.3d at 785.

Finally, Roper's claim that his actions did not violate Jones' rights is a meritorious defense. While Jones may contest these facts, the standard for determining whether the defaulting party has a meritorious defense is not whether the evidence is undisputed or insurmountable, but whether the proffered evidence "would permit a finding for the defaulting party." Johnson, 140 F.3d at 785 (quoting Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988)). Roper's affidavit constitutes sufficient evidence to permit a finding in his favor.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Roper's motion to set aside default judgment [#38] is granted, and both the judgment entered on December 6 and the Clerk's entry of default on October 5, 2006 are **VACATED**.

**IT IS FURTHER ORDERED** that Defendant Roper shall file his responsive pleading by **February 12, 2007.**

**IT IS FINALLY ORDERED** that all other pending motions are denied as moot.

                                              _____
                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2007.