UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGENE KENNETH JONES-El, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV28 CDP |
| | ) |
| SCOTT ROPER, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Plaintiff Eugene Kenneth Jones is a state prisoner proceeding *pro se* in this civil action pursuant to 42 U.S.C. § 1983. This matter is before me on several pending motions filed by Jones, including a motion to appoint counsel, a motion for an extension of time to file a reply to defendant Roper's answer, and a motion for summary judgment. I will deny all of these motions. Jones has shown that he is capable of handling his claims in this matter and Jones does not need extra time to file a reply to Roper's answer because no reply is needed. Finally, because Jones concedes in his motion that there are issues of material fact and because Jones has not met the requirements of the Local Rules, I will deny his motion for summary judgment.

### Discussion

This case has a somewhat tortured procedural history. Although defendant

Roper was served long ago, he did not enter an appearance in this case until relatively recently, after Jones had filed for and been granted default. I set aside the default and ordered Roper to file his responsive pleading. Before Roper's appearance in this case, I had dismissed Jones's claims against defendants Henderson, Holden, Huffman-Phillip, Hufford, Kempker, Lombardi, Long, McCondichie, Miller, Purkett, Walker, Cassady, Counts, Patti, Fish, Cachat, and Brown.

In February, before Roper filed his answer, Jones filed a motion for leave to amend his complaint. In a February 14, 2007 order, I noted that Jones did not need leave to file an amended complaint against Roper because Roper had not yet filed an answer. I later granted Jones additional time to file his amended complaint. Jones filed an amended complaint on February 28, 2007. This complaint named all of the original defendants, including Roper. I understand that Jones does not wish to abandon his claims against the rest of the defendants, but the previous dismissal of his claims against the other defendants remains final, and the amendment was only allowed as to Roper. As a result, Jones's only remaining claims under the amended complaint are those claims he may have against Roper.

Jones seeks the appointment counsel to represent him in this action. Jones has demonstrated to this Court, through his diligent pursuit of this litigation, that

he is capable of handling his claim in this case.  As a result, I will deny his motion for appointment of counsel.

Jones also filed a motion seeking additional time to file a reply to Roper's answer.  Although in some state courts, a plaintiff may lose rights and concede issues by not filing a response challenging a defendant's answer, this is not true in federal court.  Roper's answer does not also serve as a counter-claim against Jones.  As a result, no reply to Roper's answer is necessary.  Therefore, I will deny Jones's motion for additional time to file a reply to Roper's answer.

Finally, Jones has filed a motion for summary judgment.  In determining whether summary judgment should issue, I must view the facts and inferences from the facts in the light most favorable to defendant.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Jones has the burden to establish both the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Jones cannot meet his burden in this case.  Jones' motion states that there are "material facts in dispute."  I agree that there are factual disputes, and therefore summary judgment cannot be granted.  Further, Jones' filing does not comply with

Local Rule 7-4.01. Although I would be inclined to overlook Jones' failure to comply with the local rules if he had sufficiently demonstrated that he was entitled to relief, he has not done so here. As a result, I will deny Jones' motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Jones's motion for appointment of counsel [#59] is denied.

**IT IS FURTHER ORDERED** that Jones's motion for an extension of time to file his reply to Roper's answer [#58] is denied.

**IT IS FINALLY ORDERED** that plaintiff Jones' motion for summary judgment [#62] is denied.

I will enter a Case Management Order separately today.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of May, 2007.