UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EUGENE KENNETH JONES-El, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV28 CDP |
| | ) | |
| SCOTT ROPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the court on a number of post-trial motions. Following a jury trial, judgment was entered in favor of plaintiff Eugene Kenneth Jones-El against defendant Scott Roper in the amount of $1000.00. At the trial, the jury found in favor of plaintiff Jones-El on his state law battery claim and awarded actual damages in the amount of $500.00 and punitive damages in the amount of $500.00. The jury found in favor of defendant Roper on Jones-El's constitutional claim. Roper has filed a motion for judgment as a matter of law, and Jones-El has filed a motion for costs. Additionally, Jones-El's appointed attorney, James Krispin, has filed a motion for reimbursment of costs and attorney's fees from the court.

## Defendant Roper's Motion

Scott Roper moves for judgment as a matter of law, arguing that the jury's verdict against him for state law battery was not supported by the evidence and that

he was immune from liability on official immunity grounds.  Alternatively, he moves for a new trial, arguing that I erred in excluding certain evidence, in permitting certain evidence, and in submitting punitive damages.  He also argues that the jury's verdict was an improper compromise verdict.  I disagree with all of these arguments, and so, will deny the motion.

In considering a motion for judgment as a matter of law after trial under Rule 50(b), the Court should view the evidence in the light most favorable to the verdict and should grant the motion only when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  Wilson v. Brinker Int'l, Inc., 382 F.3d 765, 769-70 (8th Cir. 2004).  Thus, I must resolve all factual conflicts in favor of Jones-El, give Jones-El the benefit of all reasonable inferences, and deny the motion if reasonable jurors could differ as to the result.  Id.

Here, the testimony provided evidence from which the jury could find that Roper's actions were a battery, but that his actions were not sufficient to hold him libel for excessive force under 42 U.S.C. § 1983.  Roper's own motion admits that "there was arguably a close question of liability with testimony supporting both the Plaintiff's version of the facts and Defendant's version."  With regard to inconsistency of the verdict, the excessive force claim and battery claim require different mental states and the difference can explain the different results.  Excessive force claims require a showing of "malicious and sadistic intent."  See Arnold v.

Groose, 109 F.3d 1292, 1298 (8th Cir. 1997) (noting that excessive force cases include both "malicious" and "sadistic" elements). The Eighth Circuit has stated that one acts sadistically "by engaging in extreme or excessive cruelty or by delighting in cruelty." Howard v. Barnett, 21 F.3d 868, 872 (8th Cir. 1994).

On the other hand, Jones-El's state law battery claim will survive Roper's official immunity defense if Jones-El can demonstrate that Roper acted in bad faith or with malice. Hawkins v. Holloway, 316 F.3d 777, 789 (8th Cir. 2003). Missouri court interpret the meaning of "bad faith" to embrace "more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." Blue v. Harrah's North Kansas City, LLC, 170 S.W.3d 466, 479 (Mo. Ct. App. 2005). The bad faith test used to overcome official immunity is certainly lower than the sadistic requirement for excessive force claims.

Roper alternatively requests a new trial, arguing that I erred in excluding certain evidence, in admitting evidence, and in submitting punitive damages. He also asserts that the verdict was an improper compromise verdict. I do not believe that any of my evidentiary rulings were in error. Additionally, I continue to believe that Jones-El had made a submissible case on punitive damages.

A closer question arises out of the form of the punitive damages instruction. I agree with Roper that the instruction given differed from the Missouri Approved

Instruction on punitive damages. But Roper never objected to the <u>form</u> of the punitive damages instruction, although he did object to the submission of punitive damages at all. At the instruction conference, defendant was given the opportunity to object to the form of the punitive damages instruction but did not do so.

Because defendant did not object to the form of the punitive damages instruction, I must determine whether my failure to use the MAI on punitive damages was plain error. See <u>Margolis v. McCleary</u>, 447 F.3d 1115, 1123 (8th Cir. 2006). In order to establish plain error, Roper must demonstrate that (1) he "is a victim of an error that is plain under the law," (2) that he suffered prejudice to his substantial rights as a result, (3) and that if left uncorrected, the error would result in a miscarriage of justice. <u>Id.</u> Although I believe it was error, I do not believe that Roper has suffered prejudice to his substantial rights or that the error will result in a miscarriage of justice.

Finally, Roper has not established that the verdict was an improper compromise verdict. "It is well establish, at least in this circuit, that a party waives any objection to an inconsistent verdict if she fails to object to the inconsistency before the jury is discharged." <u>Williams v. KETC Television, Inc.</u>, 26 F.3d 1439, 1443 (8th Cir. 1994). In this case, Roper did not object or argue that the jury had awarded a compromise verdict prior to the jury's discharge. Additionally, I believe that the evidence supports the jury's verdict and I will not order a new trial upon

speculation about how the jury reached its verdict.  See Alexander v. Thornburgh, 943 F.2d 825, 831 (8th Cir. 1991) (vacated on other grounds in Alexander v. Thornburgh, 113 U.S. 2766 (1993)).

I will, therefore, deny Roper's motion for judgment as a matter of law, or alternatively, for a new trial.  Roper is not entitled to either of these things.  I continue to believe that my evidentiary rulings were correct and that Jones-El presented a submissible case.

## Motions by Plaintiff and Plaintiff's Counsel

Also before me are plaintiff's motion for a bill of costs and plaintiff counsel's motion for attorney's fees and costs from the court's non-appropriated fund.  Plaintiff's counsel, James Krispin, has filed adequate documentation to support the claims for fees and costs.  Defendant has not filed any objection to plaintiff's bill of costs, and his time for doing so has passed.  As a result, I will grant plaintiff's motion for a bill of costs and tax costs against Roper in the amount of $1362.20.  Because I am taxing these costs against Roper, I will not reimburse plaintiff's counsel, James Krispin, for those costs out of the non-appropriated fund and will subtract that amount from the amount he requested in his motion for reimbursement.

Therefore, Krispin is requesting $5181.75 from the non-appropriated fund.  Because the Non-Appropriated Fund Administrative Order only allows me to approve reimbursement up to $5000, without further approval, I will grant Krispin's request in

the amount of $5000.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for judgment as a matter of law, or alternatively, for a new trial [#148] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for a bill of costs [#149] is granted and the Clerk of the Court shall tax costs against Roper in the amount of $1362.20.

**IT IS FURTHER ORDERED** that plaintiff's counsel's motion for attorney's fees and out-of-pocket expenses [#147] is granted in part. Mr. Krispin is entitled to attorney's fees and costs in the amount of $5000.00 to be paid from the non-appropriated fund.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2008.